## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Berry Willis, J. Doe I – III,                                        Civil No. 07-3130 (DWF/SRN)

               Plaintiff,

v.                                                                              **MEMORANDUM**
                                                                          **OPINION AND ORDER**

U.S. Bank National Association ND,
ReMax Associates Plus, Hennepin
County Sheriff's Department,
Hennepin County Housing Department,
State of Minnesota, Stein & Moore, P.A.,
Ralph L. Moore, Mark Herbert, Tom
Herzog, and Rita J. Heinn, *et al.*,

               Defendants.

_____

Berry Willis, J., *Pro Se*, Plaintiff.

John S. Garry, Assistant Attorney General, and Paul K. Kohnstamm, Assistant Attorney
General, Minnesota Attorney General's Office, counsel for Defendants Hennepin County
Housing Department and State of Minnesota.

David J. McGee, Esq., and Christopher P. Renz, Esq., Thomsen & Nybeck, PA, counsel
for Defendants ReMax Associates Plus and Mark Herbert.

Kristine K. Nogosek, Esq., Stein & Moore, PA, counsel for Defendants U.S. Bank
National Association ND, Stein & Moore, PA, and Ralph L. Moore.

Charles H. Salter, Assistant Hennepin County Attorney, Hennepin County Attorney's
Office, counsel for Defendant Hennepin County Sheriff's Department.

_____

## INTRODUCTION

    This matter came before the Court on October 5, 2007, pursuant to motions to

dismiss filed separately by Defendants U.S. Bank National Association, ND

("U.S. Bank"), Stein & Moore, PA ("Stein & Moore"), and Ralph L. Moore; Defendants

State of Minnesota and Hennepin County Housing Court[1] (collectively, "Government

Defendants"); and Defendants ReMax Associates Plus ("ReMax") and Mark Herbert.[2]

For the reasons set forth below, the Court grants the motions.

## BACKGROUND

In his self-styled Complaint, Berry Willis asserts various claims against

Defendants arising from foreclosure and eviction proceedings to obtain possession of a

property at Lot 20, Block 2, Maple Valley Park 2nd Addition, City of Maple Grove,

County of Hennepin, State of Minnesota (the "Property").  On November 17, 2006, a

Sheriff's Certificate of Sale (the "Certificate of Sale") was issued, indicating that the

Property was sold at auction to U.S. Bank.  According to the Certificate of Sale, on

May 10, 2002, Ramona M. Smith and Roland Anderson executed a mortgage to U.S.

Bank.  Prior to the Sheriff's auction, and for a period of six-consecutive weeks beginning

on September 15, 2006, U.S. Bank published a Notice of Mortgage Foreclosure Sale.

The notice stated that the Property would be sold at public auction on November 17,

2006, at the Hennepin County Sheriff's Office.  According to an Affidavit of Service on

---

[1]     The caption of Willis' Complaint names the Hennepin County Housing
Department.  However, the body of the Complaint makes clear that the proper party is the
Hennepin County Housing Court.

[2]     The Court refers to all defendants collectively as "Defendants."

Occupant, on September 26, 2006, the Notice of Mortgage Sale was served on Smith and Anderson.

On November 8, 2006, a quit claim deed was filed with the Hennepin County Office of the County Recorder.  The quit claim deed was dated June 1, 2006, and purported to convey Smith's and Anderson's interest in the Property to Willis' Un-Revocable Trust Corporation ("Willis Corporation").  (Nogosek Aff. at ¶ 3, Ex. B.) The consideration paid did not exceed $500.00.  U.S. Bank informed Willis that it recognized Willis Corporation as the owner and holder of the right to redeem.  U.S. Bank indicated that "[t]he amount needed to redeem as of May 17, 2007 (which is the last day of the owner's redemption period) is $79,840."  (Compl. at Ex. 9.)  Willis Corporation did not exercise its right to redemption prior to May 17, 2007.

On June 8, 2007, U.S. Bank filed an Eviction Summons and Verified Complaint in the Hennepin County District Court for the State of Minnesota (the "Hennepin County Housing Court"), seeking the issuance of a writ of recovery and a judgment against Smith, Anderson, Willis Corporation, and J. Doe I-III, directing their eviction from the Property.  (Compl. at Ex. 8; Nogosek Aff. at ¶ 4, Ex. C.)  For whatever reason, Willis appeared as John Doe at the first appearance in the eviction action.  (Compl. at Ex. 11.) On July 2, 2007, the Hennepin County Housing Court granted U.S. Bank summary judgment and issued a Writ of Recovery of Premises.  (Nogosek Aff. at ¶¶ 5-6, Exs. D & E.)  The Hennepin County Housing Court made Findings of Fact and Conclusions of Law as follows:  "No genuine issue of material fact exists.  Plaintiff is the holder of Sheriff's

3

Certificate from foreclosure sale on 11/17/06.  Redemption period expired on 5/17/07."

Willis moved to both stay and quash the writ.  The Hennepin County District Court Judge

issued an *ex parte* order denying Willis' motions.

Willis filed the present federal action on June 28, 2007, alleging fourteen causes of

action and seeking damages and injunctive relief.

## DISCUSSION

## I.    Standard of Review

In deciding a motion to dismiss, a court assumes all facts in the complaint to be

true and construes all reasonable inferences from those facts in the light most favorable to

the complainant.  *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).  In doing so,

however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch.*

*Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions

drawn by the pleader from the facts alleged.  *Westcott v. City of Omaha*, 901 F.2d

1486, 1488 (8th Cir. 1990).  A court may consider the complaint, matters of public

record, orders, materials embraced by the complaint, and exhibits attached to the

complaint in deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of

Civil Procedure.  *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a

claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955,

1974 (2007).  Although a complaint need not contain "detailed factual allegations," it

must contain facts with enough specificity "to raise a right to relief above the speculative

level." *Id.* at 1964–65.  This standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Id.* at 1965.

The existence of subject matter jurisdiction is a question of law.  *Keene Corp. v. Cass*, 908 F.2d 293, 296 (8th Cir. 1990).  Pursuant to Federal Rule of Civil Procedure 12(h)(3), the Court shall dismiss an action if it lacks subject matter jurisdiction.

## II.   Claims Against the Government Defendants

In Counts Seven and Nine of his Complaint, Willis asserts two causes of action against the Government Defendants under federal civil rights statutes—conspiracy to deprive Willis of civil rights and claims under 42 U.S.C. § 1983.  In short, Willis claims that the Government Defendants violated his federal constitutional rights in connection with the proceedings before the Hennepin County Housing Court.  In response, the Government Defendants argue that Willis' claims against them are barred by the Eleventh Amendment of the United States Constitution.

The Eleventh Amendment bars citizens from bringing suit in federal court against a state unless the state waives its immunity and consents to suit in federal court or if Congress abrogates the state's Eleventh Amendment immunity.  *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 (1985).  A state can waive its Eleventh Amendment immunity only where expressly stated or by overwhelming implication.  *Id.* at 239.  Likewise, Congress can abrogate a state's immunity only by an unequivocal expression of congressional intent.  *Id.*  "This jurisdictional bar applies regardless of the nature of the relief sought" and applies to actions against agencies or departments of the state.

5

*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-02 (1984).  The

Government Defendants have put forth evidence, and Willis has not contested, that the

Hennepin County Housing Court is part of the judicial branch of the government of the

State of Minnesota.  Whether or not Willis contests this fact, however, is of no

consequence, because the Hennepin County Housing Court is plainly part of the

government of the State of Minnesota.  Moreover, state courts are part of the state and

therefore protected by the Eleventh Amendment.  *See Harris v. Missouri Court of*

*Appeals*, 787 F.2d 427, 429 (8th Cir. 1986).

Willis has not presented, and the Court cannot find, any evidence that the State of

Minnesota has waived its Eleventh Amendment immunity for any of the claims asserted

by Willis.  *See, e.g.*, *Stahl Const. Co. v. State of Minn.*, No. Civ. 03-3104, 2004 WL

742058, at *3 (D. Minn. March 4, 2004).  In addition, there is no evidence that Congress

has abrogated such immunity.  *See, e.g.*, *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th

Cir. 1997) (citing *Quern v. Jordan*, 440 U.S. 332, 338-45 (1979)).  The Court  therefore

concludes that the Eleventh Amendment bars Willis' claims against the Government

Defendants.  The Government Defendants' motion to dismiss as to Willis' conspiracy and

civil rights claims is granted.[3]

---

[3]     The Court notes that Willis' Complaint is difficult to comprehend, and it is not
entirely clear against whom each of the claims is being asserted.  Several claims, namely
the claims for embezzlement, conspiracy, and racketeering, are asserted against
"defendants."  The Court construes the Complaint liberally and reads claims asserted
against "defendants" as against all of the named defendants, including the Government

(Footnote Continued on Next Page)

## II.     Claims Against Private Defendants

Willis asserts various claims against the private, or non-government, Defendants. These claims include negligence, wrongful conversion, setting aside of non-judicial sale, cancellation of deed, Section 1983 civil rights claim, retaliation and reprisal, vicarious liability, negligent retention and supervision, and joint liability.

### A.     Section 1983

In Count Nine of his Complaint, Willis asserts a Section 1983 claim against U.S. Bank, Stein & Moore, Mr. Moore, and ReMax. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983.  To prevail on a Section 1983 claim, a plaintiff must demonstrate that the defendant caused the deprivation of a federal right while operating under the color of law.  *Scheeler v. City of St. Cloud*, 402 F.3d 826, 830 (8th Cir. 2005).  Here, there is no dispute that the private Defendants, namely U.S. Bank, Stein & Moore, Mr. Moore, ReMax, and Mr. Hebert, are not government entities or government employees.  In addition, Willis has failed to allege sufficient facts that would establish that these private

_____

(Footnote Continued From Previous Page)
Defendants.  The parties have not addressed whether these claims would also be barred by the Eleventh Amendment.  Regardless, as discussed below, these claims fail as a matter of law.  Thus, all claims asserted against Government Defendants are dismissed.

(Footnote Continued on Next Page)

Defendants were acting under the color of law.  Willis appears to allege that the private

Defendants are liable under Section 1983 for their participation in the process of pursuing

U.S. Bank's rights as a mortgagee under Minnesota law and the right to possess the

Property after expiration of the redemption period.  However, a private party's mere

invocation of state legal procedures does not constitute joint participation or conspiracy

with state officials.  *See Milliman v. Tamarack Court, Inc.*, Civil No. 05-2993, 2007

WL 541673 n.5 (D. Minn. Feb. 19, 2007).  Because Willis has failed to adequately allege

that the private Defendants acted under color of state law, the Court dismisses Count Nine

as it is asserted against the private Defendants.[4]

---

(Footnote Continued From Previous Page)

[4]      To the extent that Count Nine purports to state a claim under 42 U.S.C. §§ 1981 or 1982, the Court notes that the claim similarly fails as asserted against all Defendants because Willis has wholly failed to sufficiently plead these causes of action.

        The Court also notes that Count Nine is asserted against the Hennepin County Sheriff's Department, the Hennepin County Housing Court, and the State of Minnesota. The Court previously explained that the Eleventh Amendment bars Willis' Section 1983 claim against the State of Minneosta and the Hennepin County Housing Court.  The Court also finds that the facts alleged do not support a plausible claim for relief under Section 1983. Therefore, Count Nine is dismissed as it is asserted against the Hennepin County Sheriff's Department.

**B.      Negligence, Wrongful Conversion, Extortion, Retaliation and Reprisal, Vicarious Liability, Negligent Retention and Supervision and Joint Liability**

Willis asserts claims for Negligence (Counts One and Two), Wrongful Conversion (Count Two), Extortion (Count Five), Retaliation and Reprisal (Count Ten), Vicarious Liability (Count 10), Negligent Retention and Supervision (Count 11) and Joint Liability (Count 12), against various private Defendants.  Despite the fact that Willis has asserted each of these state causes of action separately, they are all based on the same underlying allegation—that the private Defendants deprived Willis of his constitutional and federal statutory rights.  Thus, Willis is attempting to enforce his constitutional rights via various state-law claims.  In making these claims, however, Willis fails to set forth facts alleging the specific elements of each of these state-law causes of action.  In addition, Willis fails to establish that the private Defendants were acting under the color of law.  Accordingly, each of these claims fails to state a claim upon which relief can be granted.

**C.      Setting Aside Judicial Sale and Cancellation of Deed**

In Count Three, Willis asserts claims to set aside the foreclosure sale against U.S. Bank and Stein & Moore.  In Count Four, Willis asserts a claim for cancellation of deed against U.S. Bank.  U.S. Bank and Stein & Moore assert that these claims are barred by the *Rooker-Feldman* doctrine, arguing that Willis seeks review of the Hennepin County District Court's July 2007 order, wherein that court determined that U.S. Bank was the lawful owner of the Property.

The *Rooker-Feldman* doctrine prevents federal district courts from exercising

9

jurisdiction over cases brought by parties who lose their cases in state court to challenge state court judgments rendered before the district court proceedings commenced. *Exxon-Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  Here, it is not clear that the *Rooker-Feldman* doctrine applies because the state court judgment was rendered <u>after</u> Willis initiated the present federal action.

Nonetheless, the Court concludes that the doctrine of res judicata bars Willis' claims.  *Cf. id.* at 293 ("Disposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law.").  Under Minnesota law, "the doctrine of res judicata (claim preclusion) bars a claim when litigation on a prior claim involved the same cause of action, there was a judgment on the merits, and the claim involved the same parties or their privies."  *Nelson v. Am. Family Ins. Group*, 651 N.W.2d 499, 511 (Minn. 2002).  Res judicata applies only if the party against whom it is asserted had a full and fair opportunity to litigate the matter in the prior action.  *Id*.  "If those requirements are met, res judicata bars not only claims as to matters actually litigated, but also as to every matter that might have been litigated in the prior proceeding."  *Id*.

U.S. Bank initiated an eviction action in state court against Smith, Anderson, Willis Corporation, and John Doe I-III.  Willis appeared as John Doe.  On July 2, 2007, the Hennepin County Housing Court issued Findings of Fact, Conclusions of Law, Order and Judgment in the Eviction Action.  The Hennepin County Housing Court concluded that U.S. Bank was the holder of the Sheriff's Certificate from the foreclosure sale on

November 17, 2006; that the redemption period expired on May 17, 2007; and entered judgment for U.S. Bank for recovery of the Property.  There can be no doubt that Willis had a full and fair opportunity to litigate the matter of proper ownership of the Property before the Hennepin County Housing Court.  Accordingly, Willis is precluded from asserting claims to set aside the judicial sale of the Property and to cancel the deed.[5]

## IV.   Remaining Claims Against All Defendants

Willis makes several claims against all "defendants."  These claims include embezzlement, racketeering, and conspiracy.  Thee Court addresses each in turn.

### A.   Embezzlement

In Count Six of his Complaint, Willis alleges that "Defendants engaged in the activities of embezzlement that involved the taking of money or property of other [sic] fraudulently . . . ."  (Compl. at ¶ 75.)  Willis further alleges that "Defendants are withholding possession from the plaintiff under defendants fraudulent claim of title of property from Hennepin County Sheriff's Department . . . ."  (Compl. at ¶ 76.)

Willis' Complaint fails to properly set forth a claim for embezzlement.  First, Willis fails to set forth the elements of an embezzlement claim or to identify the statute

---

[5]     In addition, these claims fail because Willis offers no facts to support the conclusory allegation that he owns the Property in fee simple absolute.  Moreover, the quit claim deed purports to convey an ownership interest in the Property to Willis Corporation, not Willis as an individual.  Counts Three and Four are dismissed as to all defendants against whom they were asserted.

under which he asserts this claim.[6]  Second, the factual basis alleged by Willis fails to demonstrate that a claim to relief for embezzlement is plausible.  Accordingly, the Court grants the pending motions to dismiss insofar as they seek the dismissal of Count Six.

### B.      Racketeering

In Count Eight of his Complaint, Willis alleges that Defendants engaged in racketeering activity in violation of the Racketeer Influenced and Corrupt Organization Act ("RICO").  To assert a claim for violation of RICO, Willis must allege conduct of an enterprise engaged in or affecting interstate commerce through a pattern of racketeering activity that causes injury to the business of property of the plaintiff.  18 U.S.C. §§ 1962, 1964(c).  The RICO statute defines "racketeering activity" as certain enumerated state felonies and violations of specific sections of the United States Criminal Code.  18 U.S.C. § 1961(1); *see also Amer. Computer Trust Leasing v. Jack Farrell Implement Co.*, 763 F. Supp. 1473, 1491 (D. Minn. 1991).

Willis alleges that Defendants engaged in racketeering by creating "fraudulent financial record [sic] by passing off of a third party debt towards others," and that "defendants engaged in illegal activities of collection of that debt . . . and in other criminal misconduct . . . ."  (Compl. at ¶ 84.)  These bare and conclusory allegations are insufficient to plead a RICO violation.  Specifically, Willis does not allege a defined

---

[6]      In fact, in making these allegations, Willis claims that defendants violated 18 U.S.C. § 1951(b)(2).  That provision, however, defines extortion, not embezzlement. In Count Five of his Complaint, Willis alleges a separate cause of action for extortion.

(Footnote Continued on Next Page)

racketeering activity under Section 1961.  Accordingly, this claim fails and the Court
grants the pending motions to dismiss insofar as they seek dismissal of Count Eight.

### C.    Conspiracy

In Count Seven of his Complaint, Willis alleges conspiracy.  Read liberally, Willis
appears to claim that Defendants conspired to violate his constitutional rights in violation
of 42 U.S.C. § 1985.  In particular, Willis alleges that Defendants conspired "to interfere
with the administration of justice in (state housing court) in violation of 42 U.S.C.
§ 1985(2)."  (Compl. at ¶ 81.)

To state a claim of a Section 1985 conspiracy to deprive Willis of constitutional
rights in state court proceedings, Willis must establish either that there was a conspiracy
to interfere with the administration of justice in state courts under section 1985(2) or a
private conspiracy to deny him equal protection or privileges under the law under
section 1985(3).  *See Harrison v. Springdale Water & Sewer Comm'n*, 780 F.2d 1422,
1429 (8th Cir. 1986) (describing different types of Section 1985 conspiracies).  Pursuant
to Section 1985(2), Willis must allege class-based, invidiously discriminatory animus.
*See id*.  Similarly, under section 1985(3), Willis must allege that he is a member of a class
that suffers from invidious discrimination.  *See id*.

Willis' allegations in support of his conspiracy claim are bare and conclusory.  For
example, Willis has failed to set forth factual allegations demonstrating that he is a

(Footnote Continued From Previous Page)
The Court previously determined that the extortion claim fails.

13

member of a class that suffers invidious discrimination or that Defendants' conduct was motivated by a class-based animus.  Willis' conspiracy claim fails and Count Seven is dismissed.

**V.     Motions Filed After the Hearing**

Since the October hearing, Willis has filed a host of self-styled motions, including a motion for an interlocutory injunction disqualifying Defendant Stein & Moore from representing Defendant U.S. Bank (Doc. No. 37); a "motion and order holding" Defendants Tom Herzog and Stein & Moore in default (Doc. No. 38); an amended motion for interlocutory injunction (Doc. No. 41); and a motion for leave to amend (Doc. No. 44).  The substance of and asserted grounds for these motions are nearly unintelligible.  In addition, based on the previous rulings of the Court on the various motions to dismiss, which dispose of the case, Willis' additional motions are moot.

CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1.     The Motion to Dismiss brought by Hennepin County Housing Court and the State of Minnesota  (Doc. No. 5) is **GRANTED**.  All claims against Hennepin County Housing Court and the State of Minnesota are **DISMISSED WITH PREJUDICE**.

2.     The Motion to Dismiss brought by Ralph L. Moore, U.S. Bank, and Stein & Moore (Doc. No. 13) is **GRANTED**.  All claims against Ralph L. Moore, U.S. Bank, and Stein & Moore are **DISMISSED WITH PREJUDICE**.

3.      The Motion to Dismiss brought by Mark Herbert and ReMax (Doc. No. 20) is **GRANTED**.  All claims against Mark Herbert and ReMAX are **DISMISSED WITH PREJUDICE**.

4.      In addition, the following Counts are **DISMISSED WITH PREJUDICE** in their entirety:  Count One (Negligence); Count Two (Negligence); Count Two (Wrongful Conversion); Count Three (Setting Aside of Defendant(s) Non-Judicial Sale); Count Four (Cancellation of Deed); Count Five (Extortion); Count Six (Embezzlement); Count Seven (Conspiracy); Count Eight (Racketeering); Count Nine (Civil Rights); Count Ten (Retaliation and Reprisal); Count Ten (Vicarious Liability); Count Eleven (Negligent Retention, and Negligent Supervision); and Count Twelve (Joint Liability).

5.      Willis' Complaint (Doc. No. 1) is **DISMISSED WITH PREJUDICE**.

6.      The following self-styled motions brought by Willis are **DENIED AS MOOT**:  motion for an interlocutory injunction disqualifying Defendant Stein & Moore from representing Defendant U.S. Bank (Doc. No. 37); motion holding Defendants Tom Herzog and Stein & Moore in default (Doc. No. 38); amended motion for interlocutory injunction (Doc. No. 41); and motion for leave to amend (Doc.  No. 44).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  November 5, 2007          s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  Judge of United States District Court